**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0108-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

NACIA H. WEBB, a/k/a NACYA
WEBB, NACI WEBB, ISAAC
FRAZIER, ISSIAC FRAZIER,
IZAAC FRAZIER, TURTLE
WEBB, NASIA WEBB, and
LAMAR OXFORD,

     Defendant-Appellant.

_____

Argued April 2, 2019 – Decided April 16, 2019

Before Judges Fisher, Hoffman and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Indictment No. 09-08-2640.

Alan D. Bowman argued the cause for appellant.

Linda A. Shashoua, Assistant Prosecutor, argued the cause for respondent (Mary Eva Colalillo, Camden County Prosecutor, attorney; Linda A. Shashoua, of counsel and on the brief).

PER CURIAM

Defendant appeals the denial of his post-conviction relief (PCR) petition, which was based on a claim he was deprived of the effective assistance of trial counsel. Because defendant failed to establish a prima facie case of ineffective assistance on any of his allegations, we affirm.

Defendant was indicted on various controlled dangerous substance (CDS) possession and distribution charges, including conspiracy and employing a juvenile in a CDS distribution scheme. He moved, without success, for the suppression of evidence. At the conclusion of a December 2011 trial, defendant was convicted of first-degree CDS possession with the intent to distribute, second-degree employing a juvenile in a CDS distribution scheme, third-degree conspiracy to distribute CDS, and other third-degree offenses. In February 2012, the trial judge sentenced defendant. After appropriate mergers, the trial judge imposed an aggregate thirty-nine-year prison term subject to a twenty-year period of parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant appealed, arguing error: in the admission of evidence that a valid search warrant of a motor vehicle was obtained on the basis of a K-9 sniff; in the denial of a Franks[1] hearing to challenge the accuracy of the assertions in

_____

[1] Franks v. Delaware, 438 U.S. 154 (1978).

A-0108-17T4

the search warrant affidavit; in the admission of evidence suggesting other CDS offenses; in the admission of evidence that the juvenile confessed to possession of drugs seized from his own residence; in the finding that there was sufficient evidence to support the conspiracy charge; in the finding that the evidence was sufficient to support the charge of employment of a juvenile in a CDS scheme; and in the imposition of what defendant claimed was a disproportionate and unconstitutional sentence.

In disposing of the appeal, we largely rejected defendant's arguments. State v. Webb, No. A-3649-11 (App. Div. Mar. 24, 2015) (slip op. at 11-20, 26-28). We did, however, vacate the conviction for employing a juvenile. Id. at 20-26. Removing the nine-year consecutive term imposed for that conviction, we viewed the remaining thirty-year aggregate prison term, subject to a fifteen-year period of parole ineligibility, as neither disproportionate, excessive, nor shocking to the judicial conscience. Id., at 28. The Supreme Court denied certification. 223 N.J. 354 (2015).

In February 2017, defendant filed a PCR petition, arguing the ineffectiveness of counsel. After hearing counsel's argument, the judge denied relief.

A-0108-17T4

Defendant appeals, arguing he was denied the effective assistance because his trial attorney should have objected to: (1) the admission of evidence about the reliability of the K-9 and its handler; (2) "other crimes" evidence; and (3) admission of the juvenile's confession about CDS seized from his home. Defendant also argues – without asserting the ineffectiveness of appellate counsel – that (4) we erred when, in deciding defendant's direct appeal, we did not remand for resentencing on all remaining charges. We find insufficient merit in these arguments to warrant further discussion in a written opinion, R. 2:11-3(e)(2), and affirm. We add only a few brief comments.

As for defendant's first three points, some background is required. At trial, the jury heard evidence that, in April 2009, police officers working on a drug trafficking task force in Camden observed defendant exit a residence on Kenwood Avenue holding a black plastic bag. They watched as defendant drove a gold van to a home on Rand Street. There, the officers saw a young man, J.R., come out of a house, enter the van defendant was driving, and, less than a minute later, reenter the house with a black plastic bag. Defendant then drove to the intersection of Morse and Thorndyke Streets, while J.R. walked to the same intersection.

A-0108-17T4

For about three hours, the officers watched defendant and J.R. at that corner. Defendant directed customers to J.R., who engaged in thirty events that the officers described as drug transactions. During each transaction, J.R. took an item from his waistband, handed it to the customer in exchange for money, and put the money in his pocket.

The following month, surveilling officers observed defendant exit the same Kenwood Avenue residence with two plastic bags, place one in the van, and another in the trunk of a Buick LeSabre. Defendant drove the van to the same Rand Street neighborhood, where he parked. As before, J.R. exited his residence, got in the van, left with a plastic bag, and went back into his residence. Defendant then drove to the Morse and Thorndyke intersection; J.R. met him on the corner and, for the next three hours, J.R. engaged in drug transactions while periodically speaking with defendant.

Two weeks later, the officers executed a search warrant for defendant's Kenwood Avenue residence. Officers searched the home and seized twenty bags of crack cocaine from a bathroom light fixture and eleven bags of crack cocaine from a shoe in the bedroom. Each plastic bag was stamped with a Batman symbol.

A-0108-17T4

A K-9 unit had a positive hit on the Buick LeSabre parked outside. That vehicle was towed to the police department, and a detective obtained a search warrant. The officers thereafter searched and seized from the Buick LeSabre 140 bags of crack cocaine adorned with a Batman symbol. Officers also searched the gold van defendant was seen driving but did not retrieve from it any CDS.

A search warrant was also executed at J.R.'s Rand Street residence. The officers seized a can of iced tea with a twist-off top that contained twenty-four bags of crack cocaine stamped with a Batman symbol as well as $200 in cash. J.R. asserted that everything in the house was his.

As noted earlier, defendant argued in his direct appeal that the trial judge committed reversible error by allowing testimony about the use of the drug sniffing dog that led to the issuance of a search warrant for the Buick LeSabre. We rejected that argument. Webb, slip op. at 11-12. In seeking post-conviction relief, defendant argued – and he argues now – that his trial attorney was ineffective for failing to object to or otherwise challenge this testimony or the credentials offered by the witness in support of that testimony.[2] But, even now,

_____

[2] We agree with defendant that this argument was not procedurally barred. In the direct appeal, defendant argued that the judge erred in admitting the

defendant has presented nothing to suggest that either the dog or its handler were not adequately credentialed. In seeking post-conviction relief, a defendant "must do more than make bald assertions." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). A defendant must support such a claim with "the facts" that the pursuit of the alleged omitted step "would have revealed," through the submission of affidavits or certifications. State v. Porter, 216 N.J. 343, 353 (2013). Defendant has presented nothing to suggest the dog was either not properly trained or unreliable or that the detective was unqualified to testify about the dog's actions and their significance. We, thus, reject his first point.

In his second point, defendant argues that his attorney failed to object to the admission of "other crimes" evidence. But, as the PCR judge correctly held, no such evidence was admitted. What defendant complains about is the police witnesses' testimony about their background and experiences in conveying to the jury the significance of their observations. We affirm the denial of post-conviction relief on this point substantially for the reasons set forth by the trial judge in her oral decision.

---

evidence; here, defendant argues his attorney was ineffective for failing to object to the testimony or failing to otherwise challenge the testimony at trial. Those are two different things. The disposition of the former does not procedurally bar the later assertion of the latter.

In his third point, defendant contends that his attorney should have objected to the admission of J.R.'s statement to police that the drugs seized from his residence belonged to him. Even if there was a legitimate ground to object to this testimony, the judge recognized that J.R.'s statement did not implicate defendant. To the contrary, J.R.'s claim that he owned the CDS could only have – if believed – benefited defendant. It was certainly a reasonable tactic for defense counsel to decline to stand in the way of this statement's admission.

Lastly, in his fourth point, defendant contends that, on direct appeal, we should have remanded for resentencing. But, when we determined that the evidence did not support a finding that defendant committed the offense of employing a juvenile for the distribution of CDS, we recognized that the nine-year consecutive term imposed on that conviction substantially reduced the aggregate term and that the sentence on the remaining convictions, which was not further altered, was not shocking to the conscience. Moreover, defendant is not arguing that his appellate counsel in the direct appeal was ineffective. He simply quarrels with our earlier ruling. So viewed, his only remedy was to seek review in a higher court. It was not a matter to be re-examined through the pursuit of post-conviction relief, as the trial judge correctly recognized.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0108-17T4